## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

RICHARD P. GAMBINO, as he is ADMINISTRATOR,
LOCAL 103, I.B.E.W. HEALTH BENEFIT PLAN;
ELECTRICAL WORKERS' PENSION FUND, LOCAL 103,.
I.B.E.W.; ELECTRICAL WORKERS' DEFERRED INCOME
FUND, LOCAL 103, I.B.E.W.; JOINT APPRENTICESHIP
AND TRAINING FUND; and LAWRENCE J. BRADLEY, as
he is EXECUTIVE SECRETARY-TREASURER, NATIONAL
ELECTRICAL BENEFIT FUND,                                      C.A. No.
        Plaintiffs,

    vs.

CENTERPLAN CONSTRUCTION COMPANY LLC,
        Defendant,

    and

TARGET CORPORATION,
        Reach-and-Apply Defendant,

    and

LIBERTY BANK,
        Trustee.

## VERIFIED COMPLAINT

### NATURE OF ACTION

1.    This is an action brought pursuant to §§502 and 515 of the Employee Retirement

Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and

1145 and pursuant to §301 of the Labor Management Relations Act ("LMRA"), as amended, 29

U.S.C. §185, by employee benefit plans to enforce the obligation to pay fringe benefit

contributions and pay interest due to the plans under the terms of a collective bargaining agreement and the plans.

## JURISDICTION

2.     The Court has jurisdiction over this action pursuant to §301 of the LMRA, as amended, 29 U.S.C. §185 and exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §1132(a), (e) and (f), without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3.     Plaintiff Richard P. Gambino is the Administrator of the Local 103, I.B.E.W. Health Benefit Plan ("Health Plan"). The Health Plan is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Health Plan is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

4.     Plaintiff Richard P. Gambino is also the Administrator of the Electrical Workers' Pension Fund, Local 103, I.B.E.W. ("Pension Fund"). The Pension Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Pension Fund is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

5.     Plaintiff Richard P. Gambino is also the Administrator of the Electrical Workers' Deferred Income Fund, Local 103, I.B.E.W. ("Deferred Income Fund"). The Deferred Income Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Deferred Income Fund is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

6.     Plaintiff Richard P. Gambino is also the Administrator of the Joint Apprenticeship

and Training Fund ("JATC"). The JATC is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The JATC is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

7.     Plaintiff Lawrence J. Bradley is the Executive Secretary-Treasurer of the National Electrical Benefit Fund ("National Fund"). The National Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The National Fund is administered at 2400 Research Boulevard, Suite #500, Rockville, Maryland.

8.     The Health Plan, Pension Fund, Deferred Income Fund, JATC, and National Fund are multi-employer plans within the meaning of §3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A). They are hereinafter collectively referred to as the "Trust Funds." The Trust Funds provide employees of signatory employers with health, dental and prescription benefits, life and accident insurance, disability pay, pension and annuity benefits.

9.     Defendant Centerplan Construction Company LLC ("Centerplan") is a Connecticut corporation with a principal place of business at 10 Main Street, Suite B, Middletown, CT 06457 and a resident agent for service of process listed at the Massachusetts Secretary of State Corporations Division as Alison Albanese, c/o Adler Pollock & Sheehan, 175 Federal Street, Boston, MA 02110-2210. Centerplan is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.

10.     Reach-and-Apply Defendant Target Corporation ("Target") is a Minnesota corporation, with a principal place of business at 1000 Nicollet Mass, Minneapolis, MN 55403 and a resident agent for service of process listed at the Massachusetts Secretary of State

Corporations Division as CT Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110. On information and belief, Target owes money to Centerplan.

11.    Trustee Process Defendant Liberty Bank is a banking institution with a place of business of 315 Main Street, Middletown, CT 06457 and 60 Crescent St., Brockton, MA. Upon information and belief, Liberty Bank holds assets of the Defendants.

## FACTS

12.    On or about July 23, 2014, Centerplan signed a Letter of Assent authorizing the Boston Chapter, NECA as its collective bargaining representative for all matters contained in, or pertaining to, the then current and any subsequent collective bargaining agreements between Boston Chapter, NECA and Local Union 103, I.B.E.W. A true and accurate copy of the Letter of Assent is attached hereto as Exhibit A.

13.    Centerplan has been a party to successive collective bargaining agreements, including the agreement which is currently effective for the period September 1, 2011 through August 31, 2016, a copy of which is attached hereto as Exhibit B ("Agreement").

14.    The Agreement requires signatory employers to make contributions to the Trust Funds for each hour worked by covered employees. These contributions provide covered employees with health, dental and prescription benefits, life and accident insurance, disability pay, pension and annuity benefits. The Agreement specifies the amount to be contributed by an employer to each of the Trust Funds for each hour worked and specifies further that these amounts are to be paid by the 15th of the subsequent month. The Agreement also specifies that working dues are to be deducted from the pay of each employee and forwarded to the Trust Funds. The Trust Funds and the Union have a separate agreement which allows the Trust Funds to collect the working dues on behalf of the Union.

4

15.     The Agreement further requires signatory employers to remit contributions to the Electrical Industry Labor Management Cooperation Trust Fund, The National Electrical Industry Fund and the Administrative Maintenance Fund for each hour worked by covered employees.

16.     Section 6.37(f) of the Agreement provides that a delinquent fee must be paid for all payments made after the 15th of the month. The Trustees of the Trust Funds have determined that the delinquent fee to be charged on the late payment of contributions be set at 1.5 percent per month.

17.     In 2014, 2015, and thus far in 2016, Centerplan has been repeatedly delinquent in payment of benefit contributions and working dues to the Trust Funds for hours worked by Centerplan's employees. The Trust Funds have taken steps time and again to collect the delinquent amounts, including numerous calls and emails reaching out to the company's principals. On February 12, 2016, the Trust Funds through undersigned counsel caused a demand letter to be sent to Centerplan, by email and certified mail, demanding payment of delinquent benefit contributions and working dues for December 2015 that were due on January 15, 2016, plus past-due interest on other late-paid contributions, which interest amounted to $628.04. The Funds' letter also reminded Centerplan that benefit contributions and working dues for January 2016 would fall due the following business day and must be timely paid given the company's history of delinquencies. Centerplan's Chief Financial Officer David Pyne responded that he had met with the Chief Executive Officer who "has approved making payment immediately." Mr. Pyne later qualified his response that he had "only been authorized to pay December. We are looking to get January paid in the next couple of weeks." Despite the Trust Funds' demand that the delinquency be paid in full, Centerplan failed and refused to do so. The benefit contributions for January 2016 remain unpaid, and the working dues deducted from

employees' wages have been retained by Centerplan, which has refused to turn them over. The past due interest also remains unpaid. Interest and costs of collection continue to accrue on the unpaid delinquency.

18.     Centerplan employees have informed the Trust Funds that Centerplan managers told them it was in financial straits due to a contract that it had under-bid by approximately $10 million and that it intended to avoid its financial obligations by changing the company's name from Centerplan to Center Earth. Such a scheme to avoid payment obligations by changing the corporate name would be fraudulent and any transfer of assets in connection with such avoidance of payment obligations would constitute a fraudulent conveyance of assets. The information appears to confirm Centerplan's intentions to avoid payment of its debts.

19.     Centerplan currently owes the Trust Funds $46,613.14 in benefit contributions and working dues and $628.04 in past-due interest. Centerplan also owes an as-yet unliquidated amount for benefit contributions and working dues for the period after January 31, 2016. Centerplan owes interest on all unpaid contributions, which continues to accrue until the delinquent amounts are remitted to the Funds.

## COUNT I - VIOLATION OF ERISA

20.     The plaintiff Trust Funds incorporate by reference paragraphs 1 through 19 above.

21.     Absent an order from this Court, the Defendant will continue to refuse and fail to pay the contributions it owes the Trust Funds for the period January 1, 2016 through the present, and the Trust Funds and their participants will be irreparably damaged.

22.     The failure of Centerplan to make payment of all contributions owed on behalf of all covered employees violates §515 of ERISA, 29 U.S.C. §1145.

6

23.     A copy of this Complaint is being served upon the Secretary of Labor and the

Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C.

§1132(h).

## COUNT II - VIOLATION OF THE
## COLLECTIVE BARGAINING AGREEMENT

24.     The plaintiff Trust Funds incorporate by reference paragraphs 1 through 23 above.

25.     The Agreement is a contract within the meaning of §301 of the LMRA.

26.     The failure of Centerplan to pay all contributions and interest owed on behalf of

its covered employees and to remit the deducted dues violates the terms of the Agreement.

27.     The amount owed by Centerplan is for money due under a contract in writing.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs request this Court to grant the following relief:

a.     Order the attachment by trustee process of the bank accounts of Centerplan held

by Liberty Bank;

b.     Enter a temporary restraining order enjoining the Reach-and-Apply Defendant

Target Corporation from paying any money it owes to Centerplan or to any vendor or other

company on Centerplan's behalf or account pending further order of this Court;

c.     Enter a temporary restraining order enjoining Centerplan from refusing or failing

to make payment of contributions, interest, fees and damages owed to Plaintiff Trust Funds;

d.     Enter a temporary restraining order enjoining Centerplan from conveying or

concealing its assets except in the ordinary course of business, pending further order of this

Court;

e.     Order the attachment of the accounts receivable of Centerplan;

f.    Order Centerplan to make available to the Plaintiff Trust Funds or their duly authorized representative all of its payroll records, including, but not limited to, file copies of contribution reports, payroll tax returns, employees' earning records and hours worked, weekly payroll registers, certified payrolls, cash disbursement journals and a complete listing of all job locations from its last audited date until the date of the Court's order for the purpose of ascertaining the amounts, if any, or unpaid contributions paid for that period;

g.    Enter judgment in favor of the Plaintiff Trust Funds on Count I for all contributions and working dues owed from January 1, 2016 through the present, and any additional amounts which are discovered to be due, any additional amounts which fall due during the pendency of this action, plus all amounts that are determined by the Court to be owed the Funds through the date of the Judgment in this case, including past-due interest on late-paid contributions as well as interest on the unpaid contributions, liquidated damages, and attorneys' fees and costs, pursuant to 29 U.S.C. §1132(g)(2);

h.    Enter judgment in favor of the Plaintiff Trust Funds on Count II for all contributions and dues deductions owed from January 1, 2016 through the present, and any additional amounts which are discovered to be due, any additional amounts which fall due during the pendency of this action, plus all amounts that are determined by the Court to be owed to the Funds, including interest on the principal owed; and

i.    Such further and other relief as this Court may deem appropriate.

8

Respectfully submitted,

RICHARD P. GAMBINO, as he is
ADMINISTRATOR, LOCAL 103, I.B.E.W.
HEALTH BENEFIT PLAN, *et al.*,

By their attorneys,

/s/ Kathryn S. Shea
Kathryn S. Shea, BBO #547188
Sasha N. Gillin, BBO #690769
Segal Roitman, LLP
111 Devonshire Street, 5th Floor
Boston, MA  02109
(617) 742-0208, Ext. 230
kshea@segalroitman.com

Dated: February 23 2016

## VERIFICATION

I, Richard P. Gambino, Administrator for the Local 103, I.B.E.W. Health Benefit Plan, et al., verify that I have read the above Complaint, and the statements set forth therein are true and accurate based on my personal knowledge, except for those statements based on information and belief, and, as to those statements, I believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 23 DAY OF

FEBRUARY 2016.

Richard P. Gambino, Administrator,
Local 103, I.B.E.W. Health Benefit Plan